**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edmundo Pardo RUBI, Defendant–**
**Appellant.**

No. 06–50130.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Faith A. Devine, Esq., Paul S. Cook, Roger W. Haines, Jr., Esq., San Diego, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edmundo Pardo Rubi, Taft, CA, pro se.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Edmundo Pardo Rubi appeals from the 70–month sentence imposed following his guilty-plea conviction for conspiracy to commit mail fraud and money laundering in violation of 18 U.S.C. §§ 2, 371, 1341, and 1957. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rubi contends that the district court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure when accepting his guilty plea constitutes structural error, or in the alternative, plain error which requires reversal. However, the Rule 11 errors raised by Rubi do not constitute structural error. *See United States v. Dominguez Benitez,* 542 U.S. 74, 81 n. 6, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) ("omission of a single Rule 11 warning without more is not colorably structural"); *cf. United States v. Annigoni,* 96 F.3d 1132, 1144 (9th Cir.1996) (error constituted structural error where it would "be virtually impossible to determine whether [the error] was harmless enough to warrant affirming the conviction"). In light of the reference to restitution in the plea agreement, and Rubi's failure to object to restitution at sentencing, Rubi cannot show "a reasonable probability that,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

but for [the district court's errors], he would not have entered the plea." *Dominguez Benitez,* 542 U.S. at 83, 124 S.Ct. 2333.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.